Maude BROWN et al., Appellants,

v.

B. M. RAGAN et al., Appellees.

No. 6122.

Court of Civil Appeals of Texas.

Beaumont.

June 6, 1957.

W. H. Wren, Hamilton, Magus F. Smith, McAllen, for appellants.

Cain & Turner, Liberty, John Blair, Beaumont, for appellees.

ANDERSON, Justice.

The appeal is from an order of the district court of Liberty County refusing an application for a temporary injunction. Appellants, Maude Brown (a widow) and W. F. Hooks, as plaintiffs in the trial court, sued appellees, B. M. Ragan, R. E. Stone, and Andrew and Hallie Rouse, in trespass to try title to described land in Liberty County, a part of the Benjamin Barrow Survey, specially pleading title by adverse possession under the ten-year statute of limitation, Art. 5510, Vernon's Annotated Civil Statutes. In the same petition, they applied for a temporary injunction restraining appellees from cutting timber or committing waste upon said land and from trespassing and building fences thereon, pending final judgment in the main suit. In addition to praying for the temporary injunction, they prayed that on final hearing they recover judgment for title to and possession of the land and that the temporary injunction be made permanent. Appellees answered by pleas of not guilty and by general denials. Appellants' application for temporary injunction was heard and denied.

The only question to be decided on appeal is that of whether, on the pleadings and evidence, the trial court abused its discretion in refusing to grant the temporary injunction as prayed for. We conclude that it did not.

The land described in plaintiffs' petition was shown by the evidence to have been inclosed since 1911 by a fence that surrounded it and other land. The fence was originally constructed by Hale Brown, husband of appellant Maude Brown, and we shall treat it as having been thereafter maintained by Mr. and Mrs. Brown until Mr. Brown's death, which we infer occurred in 1951, and subsequently by Mrs. Brown. The area within the fence was estimated to contain approximately 880 acres, and appears to have been comprised of twelve or more differently denominated tracts of land. As best we can deduce from the evidence, only five of the twelve or more tracts were described in plaintiffs' petition, these being the Rouse, Gripon, Stone, Shepherd, and Olson tracts. The evidence affirmatively established that neither of the appellants

had title to any of these five tracts, unless by virtue of the statutes of limitation, and that neither of them even claimed to own the Olson and Shepherd tracts. As regards the latter two tracts, Mrs. Brown represented that she had been authorized by the owners thereof to graze cattle on both tracts and by the owner of the Olson tract to sell timber off that tract.

It was, according to Mrs. Brown's testimony, the cutting of timber on the Olson tract by appellee Ragan that precipitated the filing of the suit. The undisputed evidence showed, however, that in cutting the Olson timber Ragan was acting under the direct authorization of Mrs. Olson, the owner. A letter from Mrs. Olson to Ragan, authorizing the latter to cut the timber, was read into evidence, and, in addition, Ragan testified that Mrs. Olson had also verbally authorized the cutting. Ragan further testified, and his testimony was undisputed, that he had paid Mrs. Olson for such timber as he had cut and removed from her land and that Mrs. Olson had accepted and retained the money without protest. The only evidence tending to show that Mrs. Brown had any rights regarding the timber consisted of two letters written her by Mrs. Olson in August, 1956, which was after Mrs. Olson had given Ragan written authority to cut the timber. At most, they authorized Mrs. Brown to look after the timber and sell as much of it as she could. They did not purport to curtail Mrs. Olson's right to sell the timber herself, and neither of them was of a nature to affect the rights Ragan had acquired or might thereafter acquire from Mrs. Olson. Furthermore, Mrs. Olson impliedly recognized in one of them that Ragan had been authorized to cut the timber. There was no evidence tending to show that, otherwise than by cutting timber, appellee Ragan had interfered or was threatening to interfere with any rights asserted by either of appellants in the Olson tract of land. Nor was there any evidence tending to show that the other appellees were doing or were about to do anything on or in connection with the Olson land.

We conclude, therefore, that the evidence failed to show that appellants, or either of them, had a probable right in the Olson land or timber that was being or was about to be interfered with by appellees, or either of them.

The evidence showed that appellee Ragan was, and had been for some time, operating a sawmill on the Stone tract of land, but appellants did not specifically seek to enjoin him from operating his mill. Moreover, it is evident from the record as a whole that neither the parties nor the court considered operation of the mill a matter in issue on the hearing.

The evidence also showed that, at the instance of appellees Andrew and Hallie Rouse, appellee Ragan had fenced the Rouse tract, which Hallie Rouse owned unless the Browns had perfected limitation title to it. And there is a bare suggestion in the evidence that appellee Ragan had cut timber from the Rouse tract. The evidence affirmatively established, however, that the fence had been completed before the hearing for injunction was held, and it leaves little room to doubt that Ragan had finished cutting the Rouse timber. To say the least of it, there was no evidence to show that additional timber was about to be cut by any of the appellees on any of the land described in appellants' petition except the Olson tract, and none to show that any of the appellees were about to build additional fences on any of the land. The completed acts of fencing and timber cutting furnished no grounds for granting a temporary injunction as prayed for. 4-A Tex.Jur., Injunctions, sec. 27, p. 56.

The foregoing conclusions render it unnecessary, perhaps, that we comment on the evidence by which appellants sought to show limitation title to the land in question. We will say, however, that it was not of a nature to require a conclusion that appellants will probably prevail in a trial of the case on its merits. In fact, there was evidence to justify an affirmative finding that appellants have no probable right to any of

the land in suit. Mrs. Brown clearly and positively testified upon more than one occasion that she and her husband fenced the land with the consent of its owners and had never claimed it as their own. The trial court was at liberty to believe this and to conclude that the Browns had never perfected limitation title to the land, even though other of Mrs. Brown's testimony may have tended to show an adverse claim to at least a part of the land. Appellant Hooks admittedly held only such title and rights as he had acquired from Mrs. Brown a few months before the hearing. Aside from the matters already discussed, therefore, we think we would not be justified in holding that the trial court abused its discretion in refusing appellants' application for temporary injunction.

The judgment of the trial court is affirmed.